[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FILED BY TANH KEOBAPHA
The defendant, while driving his vehicle on Route 2 in Norwich, struck and killed two children, Samantha and Randy Deglin. The fifth and sixth counts of the amended complaint seek damages on behalf of their parents the plaintiffs, Judith and Stuart Deglin, for loss of filial consortium arising from the deaths of their children. The defendant has moved to strike these counts on the grounds that filial consortium is not a recognized cause of action under Connecticut law.
Connecticut General Statutes § 52-555 allows a wrongful death action which permits the plaintiffs cause of action to survive his death and adds death damages to those injuries which proximately caused his death. After the Supreme Court held inLadd v. Douglas Trucking Company, 203 Conn. 187 (1987) that there could be no recovery under Connecticut General Statutes § 52-555
for postmortem loss of consortium by the spouse of a decedent, the general assembly enacted Connecticut General Statutes §§52-555a and 52-555b which now allow a claim for postmortem spousal consortium. Damages for wrongful death are purely a creation of statute. Since the legislature has not provided for loss of filial consortium in a wrongful death statute, a claim for loss of this type of consortium must fail.
Although some trial courts have recognized claims for loss of filial consortium, the majority have not. No Appellate Court has recognized such a claim for injuries or death. The plaintiff has CT Page 4507 cited numerous cases in the Superior Court where claims for loss of filial consortium have been permitted. While this court may agree with those cases, it does not overcome the obstacle of the limitation of damages in the wrongful death statute.
Accordingly, the court must grant the motion to strike counts five and six of the amended complaint.
D. Michael Hurley, Judge Trial Referee